CRAIG A. MILLER (Bar No. 116030)
LEVINE, STEINBERG, MILLER & HUVER
550 West "C" Street, Suite 1810
San Diego, California 92101
(619) 231-9449

Attorneys for Plaintiff

FILED
2008 JUN 25 PM 4:26
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY KNH DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED L. KARSH,<br><br>Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, UNIONMUTUAL STOCK LIFE INSURANCE COMPANY OF AMERICA,<br><br>Defendants. | CASE NO. '08 CV 1142 LAB NLS<br><br>COMPLAINT FOR TORTIOUS BREACH OF INSURANCE CONTRACT<br><br>(Compensatory and Punitive Damages)<br><br>1. Breach of Contract<br><br>2. Breach of Duty of Fair Dealing and Good Faith<br><br>DEMAND FOR JURY TRIAL |

Plaintiff complains and alleges as follows:

## INTRODUCTORY PARAGRAPHS

1. Jurisdiction of the Court is invoked under the provisions of 28 U.S.C. §1332. Exclusive of interest and costs, the matter in controversy exceeds the sum of $75,000. Plaintiff is 49 years of age. He is entitled to disability insurance benefits of $2,209.00 a month, from April 21, 2008, which is the date defendant ceased paying his benefits, to age 65. In addition, there is complete diversity of citizenship between plaintiff and each of the defendants.

2. Plaintiff, TED L. KARSH is, and at all times herein mentioned was, an

individual residing in the County of San Diego, State of California.

3. Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA (hereinafter "UNUM") is, and at all times herein mentioned was, a Maine corporation, licensed and qualified to do business in the State of California.

4. Plaintiff is informed and believes and thereon alleges that defendant UNIONMUTUAL STOCK LIFE INSURANCE COMPANY OF AMERICA (UNIONMUTUAL) demutualized in 1981 and changed its name to UNUM LIFE INSURANCE COMPANY OF AMERICA.

5. Pursuant to the provisions of 28 U.S.C. §1391 (a)(2), venue of this action is proper in this judicial district because a substantial part of the events and omissions on which this claim is based occurred in this judicial district.

**PLAINTIFF, TED L. KARSH, FOR A FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS, FOR BREACH OF CONTRACT, ALLEGES:**

6. Plaintiff refers to and incorporates by reference herein, paragraphs 1 through 5 of the Introductory Paragraphs as though set forth in full in this claim for relief.

7. Defendants issued Disability Income Policy Numbers LAD336458, LAN720734 and LAN783307 to plaintiff. The disability insurance policies were entered into by plaintiff within the jurisdiction of the above-entitled court and required the payment of benefits within the jurisdiction of the above-entitled court for a total amount to be shown at the time of trial.

8. Total Disability is defined in policy LAD336458 as follows:

> 1. Injury or sickness restricts your ability to perform the material and substantial duties of your regular occupation to an extent that prevents you from engaging in your regular occupation; and

///

///

2. You are receiving medical care from someone other than yourself which is appropriate for the injury or sickness.

**Your Regular Occupation** means your occupation at the time the elimination period begins. If you engage primarily in a professionally recognized specialty at that time, your occupation is that specialty.

9. **Total Disability** is defined in policies LAN720734 AND LAN783307 as follows:

As the result of sickness or injury, you are unable to perform the material and substantial duties of your occupation.

**Your Occupation** means

1. Your regular occupation at the time disability begins – during the first 120 months of any continuous total disability (or the policy anniversary when you are age 55 if that is later).
2. Thereafter – any gainful occupation for which you are reasonably fitted based on your training, education, experience and/or prior average earnings.

10. Plaintiff has paid all premiums due under said disability insurance policies to defendants at all relevant times herein and has performed all obligations under said disability income policies on his part to be performed.

11. In or about October, 2005 plaintiff sustained a loss compensable under the terms of the subject disability income policies when he began to suffer from chronic lumbar pain, numbness and right groin pain which were later diagnosed as central and left sided disc herniation at L4-L5, causing compression of the left L-5 nerve root. Plaintiff underwent a microlumbar diskectomy on May 18, 2006; however, his condition did not improve and he suffers from severe degeneration of the L4-L5 disc space, bilateral neural foraminal narrowing, chronic disc disease

and bilateral narrowing of L5-S1 with severe degeneration. These conditions preclude and prevent plaintiff from performing the material and substantial duties of his regular occupation as a Table Games Dealer.

12. Due to plaintiff's permanent disability from his regular occupation, plaintiff filed a claim for disability benefits under the disability insurance policies.

13. Since April 1, 2008, defendants have breached and continue to breach their contractual obligations owed to plaintiff by failing to make disability payments to him under the terms of the disability insurance policies.

14. As a proximate result of the aforementioned breach of contract by the defendants, plaintiff has suffered, and will continue to suffer in the future, damages under said disability insurance policies plus interest for a total amount to be shown at the time of trial.

PLAINTIFF, TED L. KARSH, FOR A SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, ALLEGES:

15. Plaintiff refers to and incorporates by reference herein Paragraphs 1 through 5, inclusive, of the Introductory Paragraphs and Paragraphs 7 through 14 of the First Claim for Relief as though set forth in full in this claim for relief.

16. Defendants breached and continue to breach their duties of good faith and fair dealing owed to plaintiff in the following respects:

(a) Intentionally and unreasonably failing to make disability payments to plaintiff at a time when defendants knew that plaintiff was entitled to said payments under the terms of the policies. Specifically, plaintiff submitted proofs of loss and comprehensive documentation substantiating the disability as well as his inability to perform the material and substantial duties of his regular occupation. Defendants intentionally and willfully refused to objectively evaluate this information or accord it the consideration it rightfully deserved.

///

(b) Intentionally and unreasonably withholding payments from plaintiff knowing plaintiff's claim for benefits under the disability insurance policy to be valid in that plaintiff submitted adequate documentation and proof of his total disability from his regular occupation thus entitling him to disability payments under the terms of the insurance policies.

(c) Intentionally and unreasonably failing to pay plaintiff disability benefits pursuant to his claim at a time when defendant had insufficient information within its possession to justify its denial.

(d) Intentionally and unreasonably failing to conduct a prompt, objective, reasonable and thorough investigation of plaintiff's claim for disability benefits.

(e) Intentionally and unreasonably failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of plaintiff's claim for disability benefits in which liability had become reasonably clear.

(f) Intentionally and unreasonably failing to provide a reasonable and/or honest explanation of the basis relied upon in the insurance policies, in relation to the applicable facts, for the denial of plaintiff's claim for disability benefits.

(g) Intentionally and unreasonably engaging in an unduly restrictive and/or inaccurate interpretation of the policy language in order to avoid its obligations thereunder.

(h) Plaintiff is informed and believes and thereon alleges that defendants have breached their duties of fair dealing and good faith owed to plaintiff by other acts or omissions of which plaintiff is presently unaware. Plaintiff will seek leave of court to amend this complaint at such time as plaintiff discovers the other acts or omissions of said defendants constituting such breach.

17. As a proximate result of the aforementioned wrongful conduct of defendants, plaintiff has suffered, and will continue to suffer in the future, damages under said disability insurance policies plus interest for a total amount to be shown at the time of trial.

18. As a further proximate result of the aforementioned wrongful conduct of defendants, plaintiff has suffered anxiety, worry, mental and emotional distress, and other incidental damages and out-of-pocket expenses, including attorneys' fees, all to plaintiff's damage in a sum to be determined at time of trial, but in any event a sum in excess of the jurisdictional requirements of the above-entitled court.

19. Defendants' despicable conduct described herein was done with a conscious disregard of plaintiff's rights and with the intent to vex, injure or annoy plaintiff, such as to constitute oppression, fraud or malice under California Civil Code Section 3294, entitling plaintiff to punitive damages in an amount appropriate to punish or set an example of defendants.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them as follows:

1. Damages for failure to provide benefits under the policies in a sum to be determined at the time of trial;

2. General damages for mental and emotional distress and other incidental damages in a sum to be determined at the time of trial;

3. Punitive and exemplary damages in an amount appropriate to punish or set an example of defendants;

4. Attorneys' fees and costs incurred to obtain insurance benefits under the case entitled Brandt v. Superior Court;

5. For costs of suit incurred herein; and,

6. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury.

DATED: June 24, 2008

LEVINE, STEINBERG, MILLER & HUVER

By: ______________________
Craig A. Miller
Attorneys for Plaintiff

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I. (a) PLAINTIFFS**
TED L. KARSH

**DEFENDANTS**
UNUM LIFE INSURANCE COMPANY OF AMERICA, UNIONMUTUAL STOCK LIFE INSURANCE COMPANY OF AMERICA

FILED

SOUTHERN DISTRICT OF CALIFORNIA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Craig A. Miller (SB# 116030)
Levine Steinberg Miller & Huver, APC
550 West C Street, Suite 1810
San Diego, CA 92101
619-231-9449

ATTORNEYS (IF KNOWN)

'08 CV 1142 LAB NLS

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business in This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. 1332. Plaintiff, age 49 and permanently disabled, is entitled to disability benefits to age 65. Defendants ceased paying benefits in 4/2008.

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- [X] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury - Medical Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motion to Vacate Sentence

HABEAS CORPUS:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Conditions

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (13958)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reappointment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE Docket Number

DATE June 23, 2009 SIGNATURE OF ATTORNEY OF RECORD

TAC #152307 6/25/08 $350

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

ck

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 152307 - TC

June 25, 2008
16:28:00

Civ Fil Non-Pris
USAO #.: 08CV1142
Judge..: LARRY A BURNS
Amount.: $350.00 CK
Check#.: BC20433

Total-> $350.00

FROM: TED L. KARSH
VS
UNUM LIFE INS.