# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

TED L. KARSH,

Plaintiff,

vs.

UNUM LIFE INSURANCE COMPANY OF AMERICA, UNION MUTUAL STOCK LIFE INSURANCE COMPANY OF AMERICA,

Defendant.

CASE NO. 08CV1142-LAB (NLS)

**ORDER REQUIRING BRIEFING ON JURISDICTION**

Plaintiff filed his complaint seeking damages but not equitable relief for denial of benefits under a disability policy. The complaint also sought attorney's fees, punitive damages, and damages for mental and emotional distress as well as "other incidental damages." (Compl. at 6:15–16.)

The complaint identifies diversity under 28 U.S.C. § 1332 as the sole basis for this Court's jurisdiction. This Court "has an obligation to consider its own jurisdiction, and should, *sua sponte*, raise any doubts it has about its jurisdiction." *Bassiri v. Xerox Corp.*, 463 F.3d 927, 933 n.3 (9th Cir. 2006) (citing *WMX Tech. Inc. v. Miller*, 104 F.3d 1133, 1135 (9th Cir. 1997)).

While Plaintiff has pleaded diversity of citizenship, it is not clear the amount in controversy requirement is met. *See* 28 U.S.C. § 1332(a). Plaintiff argues he is entitled to

payments of $2,209 per month beginning on April 21, 2008. While Plaintiff may become entitled to more payments, at the time of filing, the complaint argues he was entitled to $6627. The existence of federal jurisdiction depends on the facts as they existed when the action was commenced. *See Wilbur v. Locke,* 423 F.3d 1101, 1107 (9th Cir. 2005). Therefore, regardless of how many more payments may accrue in the course of litigation, or in the future, only $6627 in insurance benefits allegedly owed is at issue here.

Even if Plaintiff had sought declaratory or injunctive relief, the issue of the value of that relief would still need to be resolved. *See Doty v. Sun Life Assur. Co. of Canada*, 2007 WL 2903851, slip op. at *3 n.5 (S.D.Tex. Oct. 2, 2007) (calculating present value of future disability payments which might become due under insurance policy, for purposes of determining amount in controversy).

While Plaintiff has sought damages for emotional distress, he has not pleaded facts to show he suffered serious emotional distress and mental anguish such as might bring his claim for damages to the required amount in controversy. Moreover, he seeks only damages in an amount to be proved at trial, and assigns no monetary value either to his damages as a whole or to his damages for emotional distress. *See Wolk v. Green*, 516 F. Supp. 2d 1121, 1127 (N.D.Cal. 2007) (finding amount in controversy met where claim for all damages, including emotional distress, exceeded $75,000).

Although Plaintiff has sought punitive damages and attorney's fees, it is clear these alone cannot bring a legal claim for $6627 above $75,000. Furthermore, while Plaintiff has sought attorney's fees under *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), he has not provided any information regarding the likely amount of those fees. *See Surber v. Reliance Nat'l Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D.Cal. 2000) (before considering fees awardable under *Brandt* in satisfaction of the amount in controversy requirement, requiring party to show the likely amount of the fees).

Plaintiff may be able to show this Court has jurisdiction by amending his complaint as permitted under Fed. R. Civ. P. 15. Regardless of whether Plaintiff amends his complaint, the parties are directed to address the jurisdictional issue in the course of their briefing on

motions in this case. The parties are reminded that the Court cannot proceed in the absence of jurisdiction, so they should brief this issue at their first opportunity. Finally, Plaintiff is reminded he, as the party invoking the Court's jurisdiction, must produce the "degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

**IT IS SO ORDERED**.

DATED: June 30, 2008

**HONORABLE LARRY ALAN BURNS**
United States District Judge