Martin E. Rosen (108998),
mrosen@barwol.com
Jason C. Love (228881),
jlove@barwol.com
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
Telephone: (213) 680-2800
Facsimile: (213) 614-7399

Attorneys for Defendant
Unum Life Insurance Company of America,
formerly known as UnionMutual Stock Life
Insurance Company of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

TED L. KARSH,

Plaintiff,

vs.

UNUM LIFE INSURANCE COMPANY OF AMERICA, UNIONMUTUAL STOCK LIFE INSURANCE COMPANY OF AMERICA,

Defendants.

CASE NO.: 08CV1142 LAB NLS

DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA'S ANSWER TO COMPLAINT

Complaint Filed: June 25, 2008

Defendant Unum Life Insurance Company of America, formerly known as UnionMutual Stock Life Insurance Company of America, ("Defendant") for itself and no others, in response to the allegations of Plaintiff Ted L. Karsh's ("Plaintiff") Complaint on filed herein admits, denies and alleges as follows:

## ANSWER INTRODUCTORY PARAGRAPHS

1. Referring to the allegations contained in paragraph 1 of the Complaint, Defendant admits that the Court has jurisdiction based on 28 U.S.C. sec. 1332 and that the matter in controversy exceeds the sum of $75,000. Except as so admitted, Defendant denies the allegations of this paragraph.

2. Referring to the allegations contained in paragraph 2 of the Complaint, Defendant admits the allegations of this paragraph.

3. Referring to the allegations contained in paragraph 3 of the Complaint, Defendant admits the allegations of this paragraph.

4. Referring to the allegations contained in paragraph 4 of the Complaint, Defendant admits that UnionMutual Stock Life Insurance Company of America demutualized and changed its name to Unum Life Insurance Company of America. Except as so admitted, Defendant denies the allegations of this paragraph.

5. Referring to the allegations contained in paragraph 5 of the Complaint, Defendant admits the allegations of this paragraph.

## ANSWER TO FIRST CLAIM FOR RELIEF

6. Referring to the allegations contained in paragraph 6 of the Complaint, Defendant incorporates paragraphs 1 through 6 above as though fully set forth herein.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

7. Referring to the allegations contained in paragraph 7 of the Complaint, Defendant admits that Plaintiff entered into insurance policies numbered LAD336458, LAN720734, and LAN783307. Except as so admitted, Defendant denies the allegations of this paragraph.

8. Referring to the allegations contained in paragraph 8 of the Complaint, Defendant denies the allegations of this paragraph.

9. Referring to the allegations contained in paragraph 9 of the Complaint, Defendant admits the allegations of this paragraph.

10. Referring to the allegations contained in paragraph 10 of the Complaint, Defendant has insufficient information to admit or deny the allegations, and, on that basis, denies the allegations contained in this paragraph.

11. Referring to the allegations contained in paragraph 11 of the Complaint, Defendant denies the allegations of this paragraph.

12. Referring to the allegations contained in paragraph 12 of the Complaint, Defendant admits Plaintiff filed a claim for disability benefits. Except as so admitted, Defendant denies the allegations of this paragraph.

13. Referring to the allegations contained in paragraph 13 of the Complaint, Defendant denies the allegations of this paragraph.

14. Referring to the allegations contained in paragraph 14 of the Complaint, Defendant denies the allegations of this paragraph.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

## ANSWER TO SECOND CLAIM FOR RELIEF

15. Referring to the allegations contained in paragraph 15 of the Complaint, Defendant incorporates paragraphs 1 through 14 above as though fully set forth herein.

16. Referring to the allegations contained in paragraph 16 of the Complaint, Defendant denies the allegations of this paragraph.

17. Referring to the allegations contained in paragraph 17 of the Complaint, Defendant denies the allegations of this paragraph.

18. Referring to the allegations contained in paragraph 18 of the Complaint, Defendant denies the allegations of this paragraph.

19. Referring to the allegations contained in paragraph 19 of the Complaint, Defendant denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

18. The Complaint, and each cause of action therein, fails to state a claim upon which relief can be granted.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

**Second Affirmative Defense**

**(Failure to Comply with Policy Conditions)**

20. Defendant is informed and believes, and on that basis alleges, that Plaintiff and/or his agents or principals failed to comply with one or more conditions precedent, concurrent, and/or subsequent under the policy and, therefore, Plaintiff is barred from the recovery sought against Defendant.

**Third Affirmative Defense**

**(Claims Barred by Policy's Provisions)**

21. Defendant is informed and believes, and on that basis alleges, that Plaintiff's claims under the policy are barred and precluded by the policy's provisions, terms, conditions, exclusions, endorsements, and limitations, including but not limited to provisions implied by law.

**Fourth Affirmative Defense**

**(Acts or Omissions of Others)**

22. Defendant is informed and believes, and on that basis alleges, that the damages or losses, if any, alleged in the Complaint were the direct and proximate result of the negligence or other actions of parties other than Defendant and over which Defendant exercise no control, including Plaintiff. Accordingly, any liability by Defendant is limited in direct proportion to the percentage of fault actually attributable to it.

**Fifth Affirmative Defense**

**(Genuine Dispute Doctrine)**

23. Plaintiff's claim, as set forth in the Complaint, for breach of the implied covenant of good faith and fair dealing, is barred by the "genuine dispute doctrine."

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

**Sixth Affirmative Defense**

**(Waiver)**

24. Defendant is informed and believes, and on that basis alleges, that Plaintiff has waived any right to seek the relief requested in the Complaint.

**Seventh Affirmative Defense**

**(Estoppel)**

25. Defendant is informed and believes, and on that basis alleges, that Plaintiff is estopped from obtaining the relief requested in the Complaint.

**Eighth Affirmative Defense**

**(Unclean Hands)**

26. The Complaint, and each cause of action against Defendant therein, is barred by the doctrine of unclean hands.

**Ninth Affirmative Defense**

**(Plaintiff's Conduct Primary and Active)**

27. The injuries and damages alleged by Plaintiff were proximately caused and contributed to by the conduct of Plaintiff and/or his agents or principals, which conduct was primary and active, and Defendant's alleged acts or omissions were made in good faith and without carelessness or unlawfulness of any kind and were secondary and passive to the conduct of Plaintiff and/or his agents or principals.

**Tenth Affirmative Defense**

**(Failure to Mitigate)**

28. Plaintiff failed to mitigate her damages, if any, thus barring or reducing any recovery to which Plaintiff might otherwise be entitled.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

**Eleventh Affirmative Defense**

**(Reservation of Defenses)**

29. Defendant reserves its right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding the claims and upon further investigation.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff be granted no relief in this action;
2. That judgment be entered against Plaintiff and in favor of Defendant;
3. For costs of suit incurred herein; and
4. For such other and further relief as this Court may deem just and proper.

Dated: August 1, 2008

BARGER & WOLEN LLP

By: ____________________
MARTIN E. ROSEN
JASON C. LOVE
Attorneys for Defendants Unum Life Insurance Company of America, formerly known as UnionMutual Stock Life Insurance Company of America

**DEMAND FOR JURY TRIAL**

Defendant Unum Life Insurance Company of America hereby demands a trial by jury as to all claims.

Dated: August 1, 2008

BARGER & WOLEN LLP

By: ____________________
MARTIN E. ROSEN
JASON C. LOVE
Attorneys for Defendants Unum Life Insurance Company of America, formerly known as UnionMutual Stock Life Insurance Company of America



BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800