Martin E. Rosen (108998),
mrosen@barwol.com
Jason C. Love (228881),
jlove@barwol.com
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
Telephone: (213) 680-2800
Facsimile: (213) 614-7399

Attorneys for Defendant
Unum Life Insurance Company of America,
formerly known as UnionMutual Stock Life
Insurance Company of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TED L. KARSH,<br><br>Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, UNIONMUTUAL STOCK LIFE INSURANCE COMPANY OF AMERICA,<br><br>Defendants. | CASE NO.: 08CV1142 LAB NLS<br><br>DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA'S BRIEF REGARDING JURISDICTION (PER REQUEST OF THE COURT)<br><br>Complaint Filed: June 25, 2008 |

**TO THE COURT, PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

In response to the June 30, 2008 Order Requiring Briefing on Jurisdiction, defendant Unum Life Insurance Company of America, formerly known as UnionMutual Stock Life Insurance Company of America, ("Unum Life") hereby offers its Brief Regarding Jurisdiction.

## 1. <u>THE AMOUNT IN CONTROVERY EXCEEDS $75.000</u>

On June 30, 2008, this Court issued an Order Requiring Briefing on Jurisdiction which specifically requests that the parties brief whether the amount in controversy exceeds the Court's jurisdictional minimum of $75,000. As explained below, the allegations in Plaintiff Ted L. Karsh's ("Karsh") Complaint are sufficient to place in issue an amount in excess of $75,000.

### A. Factual Background

Karsh alleges in his first cause of action that Unum Life breached its contractual obligations by terminating payments under the disability insurance policies Unum Life allegedly issued to Karsh and seeks damages for the same. (Complaint, ¶¶6-14.) He specifically alleges that he is entitled to disability insurance benefits of $2,209 per month from April 21, 2008 until he reaches age 65. (Complaint, ¶1.) Karsh is presently 49 years old. (*Id.*)

Additionally, Karsh alleges in his second cause of action that Unum Life breached the implied covenant of good faith and fair dealing. (Complaint, ¶¶15-19.) Karsh seeks damages for this alleged breach. These damages include future damages under the disability policies (Complaint, ¶ 17), emotional distress (Complaint, ¶ 18), attorneys fees (Complaint, ¶ 18), and punitive damages (Complaint, ¶ 19).

### B. Karsh Can Recover the Present Value of Future Policy Benefits in This Action

The general rule in California is that an insured can only recover *accrued* disability policy benefits in an action for breach of a disability insurance contract. *Erreca v. Western States Life Ins. Co.,* 19 Cal.2d 388, 402 (1942). However, this rule does not apply when the insured also seeks recovery for the insurer's tortious breach of the implied covenant of good faith and fair dealing, as first explained in *Egan v. Mutual of Omaha Ins. Co.*, 24 Cal.3d 809 (1979).

In *Egan*, the plaintiff insured sued the insurer for breach of contract and tortious breach of the implied covenant of good faith and fair dealing concerning the

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

termination of the plaintiff's disability benefits. *Id.* at 815-817. The jury awarded the plaintiff both compensatory and punitive damages. *Id.* at 817. The compensatory damages included both past and future policy benefits.

The defendant insurer, Mutual of Omaha Insurance Company ("Mutual"), contended that it was erroneous to allow the jury to award the plaintiff future policy benefits. The California Supreme Court disagreed, holding that future benefits were recoverable where there is a tortious breach of the implied covenant of good faith and fair dealing:

> Mutual also contends that the compensatory damage award should be reversed because the trial court permitted the jury to award future policy benefits. It is true that in *Erreca v. Western States Life Ins. Co.* (1942) 19 Cal.2d 388, 402, 121 P.2d 689, this court allowed the recovery of only accrued benefits in an action for breach of a contract for disability insurance. We have never held, however, that future policy benefits may not be recovered in a valid tort cause of action for breach of the implied covenant of good faith and fair dealing, nor does defendant offer any compelling reason for extending *Erreca* to such actions. Thus, in applying to these facts the general rule for fixing tort damages (Civ.Code, s 3333), the jury may include in the compensatory damage award future policy benefits that they reasonably conclude, after examination of the policy's provisions and other evidence, the policy holder would have been entitled to receive had the contract been honored by the insurer. (Emphasis added.)

*Egan*, 24 Cal.3d at 824, fn. 7. Allowing an insured to recover as compensatory damages the present value of future disability policy benefits for the insurer's tortious breach of the implied covenant of good faith and fair dealing is now well accepted in California. *See, e.g., Pistorius v. Prudential Insurance Co.*, 123 Cal.App.3d 541, 551 (1981).

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

As Karsh seeks punitive damages in his second cause of action for breach of the implied covenant of good faith and fair dealing, it is clear that this claim sounds in tort. *See* California *Civil Code* § 3294(a) (punitive damages not available on breach of contract causes of action); *Cates Const., Inc. v. Talbot Partners* 21 Cal.4th 28, 61 (1999). Accordingly, Karsh can potentially recover as compensatory damages in this action the present value of his future disability policy benefits.

### C. This Court May Consider Karsh's Future Policy Benefits to Ascertain Whether Jurisdiction Exists

In *Albino v. Standard Insurance Co.*, 349 F.Supp.2d 1334 (C.D.Cal. 2004), the Court examined whether the $75,000 jurisdictional minimum was satisfied in connection with the plaintiff's motion to remand the matter to state court. Plaintiff Albino sought recovery under her disability policy for breach of contract and breach of the implied covenant of good faith and fair dealing. *Id.* at 1336. The defendant owed the plaintiff approximately $2,000 in past due disability benefits. *Id.* at 1338. However, because the plaintiff pled a claim for tortious breach of the implied covenant of good faith and fair dealing, the Court found it appropriate to consider the present value of the plaintiff's future disability policy benefits in assessing whether the $75,000 jurisdictional minimum was met.

> The *Pistorius* decision supports a finding that the amount in controversy is met in this case because Plaintiff's future policy benefits could be awarded as compensatory damages under her claim for tortious breach of the covenant of good faith and fair dealing. Compensatory damages are properly considered by the Court when determining the amount in controversy.

*Id.* at 1340. As the present value of the future policy benefits exceeded $75,000, the Court found that it had jurisdiction over the dispute and denied plaintiff's motion to remand. *Id.*

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

**D. The Amount in Controversy Here Easily Exceeds $75,000**

Karsh alleges he is entitled to $2,209 per month in disability benefits. (Complaint, ¶ 1.) He also alleges he is presently 49 years old and that he is entitled to the disability benefits until he is age 65, a period of 16 years. (*Id.*) Using a discount rate of 6%, the present value of Karsh's claimed future policy benefits is approximately $272,233. This amount clearly exceeds this Court's jurisdictional minimum of $75,000.

**E. Conclusion**

For the foregoing reasons, Unum Life believes the amount in controversy exceeds this Court's jurisdictional minimum of $75,000 giving this Court jurisdiction to adjudicate this matter.[1]

Dated: July 31, 2008

BARGER & WOLEN LLP

By: [signature]
MARTIN E. ROSEN
JASON C. LOVE
Attorneys for Defendants Unum Life Insurance Company of America, formerly known as UnionMutual Stock Life Insurance Company of America

[1] In the unlikely event this Court believes Unum Life has not sufficiently demonstrated that the amount in controversy exceeds the Court's $75,000 jurisdictional minimum, Unum Life respectfully requests this Court grant it leave to propound limited written discovery concerning the amount in controversy prior to the parties' Rule 26 conference. While Unum Life acknowledges that such a request would ordinarily be directed to the Magistrate Judge assigned to this matter, Unum Life makes its request herein because the discovery is connected to the issues addressed in this brief.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800